UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN ROSE ROBINSON; BRENDEN STEVEN FASSLER; E.M.B., a minor; J.P.R., a minor; and B.M.F., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>PLACER COUNTY, GINA GEISLER; VANESA CARDENAS; DIANA RYAN; AUTUMN FARIS; MISSY RUSS; REBECCA CAIN; NANCY MUIR; BRIDGETTE RILEY; STACEY EVANS; KRISTEN SILES; FORREST STUMBO; AMY BURTON; ROSEMARY R. JAMISON; HEATHER PALMER; KRISTIN KOLSTER; LINDA ADAM; and ANNA PAGE,<br><br>Defendants. | No. 2:21-cv-02037-TLN-JDP<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER** |

This matter is before the Court pursuant to Plaintiffs Ellen Rose Robinson ("Robinson"), Brenden Steven Fassler ("Fassler"), E.M.B., J.P.R., and B.M.F.'s (collectively, "Plaintiffs") Motion for a Temporary Restraining Order. (ECF No. 1.) No opposition has been filed by Defendants. For the reasons set forth below, Plaintiffs' motion is DENIED.

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, proceeding *pro se*, initiated this action on November 4, 2021, arguing that emergency relief is necessary to "prevent and restrain the defendants from continuing to intentionally violate their constitutional and statutory rights. . . ." (ECF No. 1 at 3.) Robinson alleges she is the natural mother of E.M.B., J.P.R., and B.M.F. (*Id.*) Plaintiffs allege Robinson and Fassler are in a long-term relationship and currently reside together. (*Id.*) Plaintiffs state that Robinson and Fassler "recently concluded litigation in [a] Family Court Legal action" regarding E.M.B. (*Id.* at 7.) The court issued a custody order for E.M.B. to live with his father, non-party Benjamin A. Bradford. (*Id.*)

Plaintiffs allege Defendants failed to comply with the specific requirements and policies in place with regard to removing children from a home. (*Id.* at 10.) Plaintiffs state that Defendants failed to conduct a good faith investigation before removing J.P.R. from Robinson's custody. (*Id.* at 15–15.) Plaintiffs argue that "[d]espite the lack of material evidence that either [E.M.B.] or [J.P.R.] [h]ad been harmed or that either of the children were in any danger, the named Defendants . . . removed [J.P.R.] from the home." (*Id.*) Further, Plaintiffs argue they were not provided the requisite thirty-day period to challenge the filing of any reports to the "Child Abuse Central Index," and were thus not able to request a grievance hearing. (*Id.* at 11.) Plaintiffs additionally allege Defendants fabricated a report stating that Robinson gave her consent to the removal of the two minor children despite not giving such consent. (*Id.* at 15.)

Plaintiffs now bring a Complaint alleging six causes of action for various federal and state claims, including a violation of their Due Process rights under the Fourteenth Amendment. (ECF No. 1.) They also request the Court issue an emergency temporary restraining order directing Defendants to leave Robinson's children in her home until the conclusion of this case. (ECF No. 1 at 30.)

### II.   STANDARD OF LAW

A temporary restraining order is an extraordinary remedy. The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. *See* Fed. R. Civ. P. 65. In general, "[t]emporary restraining orders are governed by the same standard applicable to

2

1   preliminary injunctions." *Aiello v. One West Bank*, 2010 WL 406092, at *1 (E.D. Cal. Jan. 29,
2   2010) (internal citations omitted); *see also* Eastern District of California Local Rule ("Local
3   Rule") 231(a).
4         Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear
5   showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555
6   U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "The
7   purpose of a preliminary injunction is merely to preserve the relative positions of the parties until
8   a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also*
9   *Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The
10  purpose of such an order is to preserve the status quo until a final determination following a
11  trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo
12  ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last
13  uncontested status which preceded the pending controversy.").
14        "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed
15  on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,
16  [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."
17  *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test
18  to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135
19  (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may
20  weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id*. A
21  stronger showing on the balance of the hardships may support issuing a preliminary injunction
22  even where the plaintiff shows that there are "serious questions on the merits . . . so long as the
23  plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the
24  public interest." *Id*. Simply put, plaintiffs must demonstrate, "that [if] serious questions going to
25  the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in [p]laintiffs' favor
26  in order to succeed in a request for preliminary injunction. *Id*. at 1134–35.
27  / / /
28  / / /

### III. ANALYSIS

As an initial matter, Plaintiffs failed to comply with the procedural requirements for seeking a Temporary Restraining Order ("TRO"). Pursuant to Local Rule 231(c), a party seeking a TRO must file, in part: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; and (5) a proposed temporary restraining order. Here, Plaintiffs "did not move for a [TRO] . . . in his Court through the proper motion papers." *Nguyen v. LaSalle Bank Nat'l Assoc.*, No. SACV 09-0881-DOC (SSx), 2009 WL 3297269, at *3 (C.D. Cal. Oct. 13, 2009); (*see* ECF No. 1-2 at 2 (stating in affidavit that support of irreparable harm, as well as the motion for TRO are "in [the] body of [the] complaint").) This alone presents a sufficient basis for denying Plaintiffs' request. *See SG Servs. Inc. v. God's Girls Inc.*, No. CV 06-989 AHM (CTx), 2007 WL 2315437, at *1 n.2 (C.D. Cal. May 9, 2007) (noting the "initial *ex parte* application for a TRO was rejected for failure to comply" with the local rules).

Procedural matters aside, Plaintiffs' request still fails. The party moving for a temporary restraining order must clearly show, in an affidavit or verified complaint, "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The Local Rules impose additional requirements for a temporary restraining order. Under Local Rule 231, "the Court will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." Local Rule 231(b). The rule continues, "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." *Id.*

It remains unclear from Plaintiffs' Complaint how much time has passed between the operative facts of Plaintiffs' lawsuit and the filing of this lawsuit. (*See* ECF No. 1 at 3 (stating that the facts at issue in the underlying Complaint occurred when her child was eight years old and representing that he is now nine). Plaintiffs' motion contains no information about the

necessity of immediate relief. Plaintiffs provide the Court with over 100 pages of exhibits, yet the Court still is unclear about why this extraordinary relief was requested now and not when the children were first removed. (*See, e.g.*, ECF No. 1 at 47, 73 (discussing how as of October 26, 2021, J.P.R. had already moved foster homes five times, and as of August 24, 2021, he has already moved four times); ECF No. 1 at 77 (appearing to state that J.P.R. was removed from Robinson's care in July 2021).) Moreover, Plaintiffs have not indicated why the relief is necessary now and cannot wait for Defendants to respond to their motion. The Court therefore finds that Plaintiffs have not sufficiently stated an allegation of *immediate* and irreparable injury. *See Mitchell v. Imperato*, No. 2:19-CV-297 WBS EFB, 2019 WL 827637, at *2 n.2 (E.D. Cal. Feb. 21, 2019) (noting that a delay in seeking a temporary restraining order was a basis for denying TRO); *Solomon v. Aurora Loan Servs. LLC*, No. CV 2:12–209 WBS KJN, 2012 WL 4050099, at *2 (E.D. Cal. Sept.13, 2012) (denying TRO when the plaintiff failed to show "that she will face immediate [injury], particularly if the court denies her request for an *ex parte* temporary restraining order and addresses her request at a preliminary injunction hearing after defendant has been given notice and an opportunity to respond"); *Karimi v. Poker Media Sys. SAS*, No. 2:13-CV-1250-JCM-NJK, 2013 WL 12306487, at *1 (D. Nev. July 17, 2013) ("Temporary restraining orders are a mechanism for the court to read with . . . immediate . . . risks and injuries. Plaintiff's delay in protecting his alleged interests demonstrates that this situation does not warrant immediate *ex parte* relief.").

If the Court finds that Plaintiffs have not met their burden as to one *Winter* prong, then the Court need not address the remaining prongs as Plaintiffs have not met their burden for injunctive relief. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs"). The Court finds Plaintiffs have failed to make a showing of immediate, irreparable injury because Plaintiffs have not pleaded in their Complaint or demonstrated in their motion why relief is urgently needed. Thus, the Court declines to address the remaining *Winter* factors.

Moreover, it is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); *see also Aiello v. One West*

*Bank*, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).  Denial of the instant temporary restraining order motion has no bearing on the Court's ultimate analysis of Plaintiffs' claims once it has heard from Defendants.  Plaintiffs have not cited any persuasive reason why this Court should rule on a motion for a temporary restraining order before Defendants have had an opportunity to respond.  Thus, the Court will treat Plaintiffs' motion for a temporary restraining order as a motion for preliminary injunction.

### IV. CONCLUSION

For the aforementioned reasons, the Court DENIES Plaintiffs' Motion for a Temporary Restraining Order and instead construes it as a motion for a preliminary injunction. (ECF No. 1.) Plaintiffs' Motion for Preliminary Injunction (ECF No 1) is REFERRED to the assigned magistrate judge under L.R. 302(c)(1).  As such, Plaintiffs shall re-notice said motion for hearing before Magistrate Judge Jeremy D. Peterson and shall contact his Courtroom Deputy, Nic Cannarozzi, via email, to obtain an available date for the re-noticed hearing.  Mr. Cannarozzi can be reached at ncannarozi@caed.uscourts.gov.

IT IS SO ORDERED.

Date:  November 5, 2021

Troy L. Nunley
United States District Judge